**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TRAVIS E. WILKES,<br>            Appellant, | DOCKET NUMBER<br>DA-0432-11-0466-I-3 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | DATE: August 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel J. Gamino, Esquire, Oklahoma City, Oklahoma, for the appellant.

Joan M. Green, Esquire, Oklahoma City, Oklahoma, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which reversed the appellant's performance-based removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. See Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as modified by our analysis of the appellant's allegations of adjudicatory error, we AFFIRM the initial decision. We FORWARD the appellant's request for attorney fees and costs to the Denver Field Office for adjudication.

## BACKGROUND

¶2      The appellant appealed his performance-based removal to the Board and waived his right to a hearing. *Wilkes v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-11-0466-I-1, Initial Appeal File (IAF), Tab 1; *Wilkes v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-11-0466-I-3, Initial Appeal File-3 (IAF-3), Tabs 1, 11.[2]      Based on the written record, the administrative judge reversed the removal because the agency failed to establish by substantial evidence that the appellant's performance was unacceptable and that he was provided a reasonable opportunity to improve. IAF-3, Tab 34, Initial Decision (ID) at 2, 18. The administrative judge further found that the appellant failed to prove his affirmative defense of reprisal by preponderant evidence. ID

---

[2] The appellant's removal appeal was twice dismissed without prejudice to automatic refiling. IAF, Tab 25; *Wilkes v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-11-0466-I-2, Initial Appeal File-2, Tab 23.

at 17-18. Because the administrative judge reversed the removal action, he ordered the agency to cancel the removal and retroactively restore the appellant with back pay plus interest. ID at 18-19. He did not order interim relief. ID at 19.

¶3 The appellant has filed a timely petition for review alleging that the administrative judge erred by the following: (1) finding that the appellant failed to prove his affirmative defense that his removal was taken in retaliation for his prior union activity; (2) failing to make a finding regarding the appellant's due process claim; (3) denying the appellant interim relief; and (4) failing to notify the appellant of his right to seek consequential and compensatory damages. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3. The appellant has also filed a request for attorney fees and costs. PFR File, Tab 5. Neither party has challenged the administrative judge's finding regarding the merits of the performance-based action, and we discern no reason to disturb it.

## ANALYSIS

¶4 The appellant challenges the administrative judge's finding that he failed to prove his union reprisal claim. PFR File, Tab 1 at 3 of 7. Even if the appellant had prevailed on the reprisal claim, however, the administrative judge would not have been able to award damages or corrective action beyond what he had already ordered. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 14 and n.1 (2012) (finding that a claim of retaliation in violation of 5 U.S.C. § 2302(b)(9), other than a claim of retaliation for engaging in protected equal employment opportunity activity under that section, does not entitle an appellant to an award of compensatory damages or other corrective action beyond cancellation of the removal). Because there is no additional relief that the appellant could obtain through his pursuit of his union reprisal claim, we find the claim moot. *See Washburn v. Department of the Air Force*, 119 M.S.P.R. 265,

¶ 12 (2013) (for an appeal to be rendered moot, an appellant must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed).

¶5        For similar reasons, we discern no error in the administrative judge's failure to make findings regarding the appellant's due process allegations.  Here, the administrative judge did not make findings on the due process allegations because he reversed the removal.  Because it would not serve any purpose for the Board to make a finding on these due process allegations where the appellant has prevailed on the merits, there is no basis to review these allegations or to remand the case to the regional office for findings on these allegations.  *See Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 7 n.4 (2013); *see also Jenkins*, 118 M.S.P.R. 161, ¶¶ 12, 14 (a reversal based upon a due process violation merely entitles an appellant to a new, constitutionally correct removal proceeding; whereas a reversal on the merits of a removal precludes the agency from reinstituting the action); *see also Wagner v. Environmental Protection Agency*, 51 M.S.P.R. 337, 352 (1991) (there is no requirement for an administrative judge to cite every possible alternative basis for the disposition of an appeal when the basis that he does cite suffices as legal support for his decision), *aff'd*, 972 F.2d 1355 (Fed. Cir. 1992) (Table).

¶6        We also find unavailing the appellant's assertion that the administrative judge erred in not ordering interim relief.  The Board's regulations commit the granting of interim relief to the administrative judge's discretion.  *See Dean v. Department of the Army*, 57 M.S.P.R. 296, 300 (1993); 5 C.F.R. § 1201.111(c). The appellant has not shown that the administrative judge abused his discretion in this regard.  Even assuming that the administrative judge did abuse his discretion, the appellant's arguments regarding this abuse are now moot because interim relief is in effect only pending the disposition of a petition for review.  *See* 5 U.S.C. § 7701(b)(2)(A); *Garcia v. Department of State*, 106 M.S.P.R. 583, ¶ 7 (2007).

¶7    We further find unavailing the appellant's request, set forth for the first time on review, for consequential and compensatory damages.  An award of consequential damages is authorized in only two situations: where the Board orders corrective action in a whistleblower appeal under 5 U.S.C. § 1221, or where the Board orders corrective action in a Special Counsel complaint under 5 U.S.C. § 1214.  *Seibel v. Department of the Treasury*, 87 M.S.P.R. 260, ¶ 15 n.3 (2000); 5 C.F.R. § 1201.201(c).    An appellant may recover compensatory damages when he prevails in a Board appeal based on a finding of intentional discrimination under Title VII of the Civil Rights Act of 1964, a finding that the agency failed to make a reasonable accommodation for a qualified disabled person, a finding of illegal retaliation for the appellant's protected equal employment opportunity (EEO) activity, or where the Board orders corrective action in a whistleblower appeal under 5 U.S.C. § 1221.  *See Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 19 (2012); *Seibel*, 87 M.S.P.R. 260, ¶ 15; 5 C.F.R. §§ 1201.201(d), 1201.202(c).  Because this is not a corrective action matter and the appellant did not allege discrimination under Title VII, failure to accommodate a disability, or retaliation for protected EEO activity, the administrative judge did not err in failing to notify the appellant of his burden to request consequential or compensatory damages below and the appellant is not otherwise entitled to those damages.

¶8    Finally, regarding the appellant's request for attorney fees, such a request is to be determined first in a proceeding at the field office level.  *Saunders v. U.S. Postal Service*, 75 M.S.P.R. 225, 233 (1997); 5 C.F.R. § 1201.203.  Accordingly, we FORWARD the appellant's request for attorney fees and costs to the Denver Field Office for adjudication.

**ORDER**

¶9     We ORDER the agency to cancel the removal and to retroactively restore the appellant and to restore the appellant effective April 23, 2014.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶10     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶11     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  See 5 C.F.R. § 1201.181(b).

¶12     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶13     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63)
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.